IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Alex Billups, | ) CASE NO. 1:06CV 505 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| Ganley Management Co., *et al.*, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| Defendant. | ) |

This Court has reviewed the above captioned case *sua sponte* and determined that the federal courts lack subject-matter jurisdiction over this matter. Consequently, this case is hereby dismissed without prejudice. The issue of jurisdiction has not been raised by either party, however, this Court has the obligation under Fed. R. Civ. P. 12(h)(3) to dismiss the case, *sua sponte*, whenever it appears that subject-matter jurisdiction is lacking.

This action was originally filed by the Plaintiff in state court. The Defendant removed the action to federal court claiming that the complaint actually raised claims governed by federal statutes. The Court later dismissed all federal claims. At this time, the only remaining claim is Count One, which is an Ohio cause of action brought under the Ohio Revised Code § 4112.

This Court now finds that it lacks jurisdiction to decide the state law claims. Federal

courts have limited jurisdiction and may only exercise that power prescribed to them by the Constitution or the United States Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co. of America., 511 U.S. 375, 377 (1994). This Court has determined that there are no federal claims remaining in this case. There is no other basis upon which federal jurisdiction may be premised. Therefore, this Court has no subject-matter jurisdiction to hear the Plaintiff's remaining claim.

This Court could potentially exercise pendant jurisdiction over the state law claim, however, the Sixth Circuit has recently put forth an opinion which discourages such an exercise. In Moon v. Harrison Piping, Case No. 05-1808 (6th Cir. Sept. 28, 2006), the Sixth Circuit found it was an abuse of discretion for a trial court to exercise pendant jurisdiction over a state law claim after the only federal issue in the case had been dismissed. The Circuit Court held that "a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." Id. at 4. As the only federal issues raised in Plaintiff's complaint have been dismissed, and there are no exigent circumstances justifying the exercise of pendant jurisdiction over the remaining state claim, the holding in Moon directs this Court to dismiss the state law claim.

For all of the reasons set forth above, this Court hereby finds that it lacks subject-matter jurisdiction to hear the state law claim, and that the exercise of pendant jurisdiction in this case is not warranted. This case is, therefore, dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). IT IS SO ORDERED.

*Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: October 13, 2006

-2-